IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:23-cr-109 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| XAVIER SIRMONS, | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (Doc. 2)

This matter is before the Court on Defendant's Motion for Early Termination of Supervised Release (Doc. 2).[1] Now, this matter is ripe for the Court's review.

On May 9, 2022, Defendant was sentenced in the Northern District of Georgia to 15 months imprisonment and 3 years of supervised release for importing/manufacturing a firearm in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D). (Judgment, Doc. 1-3, Pg. ID 14-19.) Defendant was released from custody on May 5, 2023 and began serving his term of supervised release. (Petition to Modify Conditions of Supervision, Doc. 1-4, Pg. ID 20.) On November 2, 2023, the Northern District of Georgia transferred jurisdiction of Defendant's supervision to the Southern District of Ohio. (Transfer of Jurisdiction, Doc. 1.) Defendant now requests early termination of his supervision. (*See*

---

[1] Defendant filed the instant motion seeking early termination of probation. (Motion for Early Termination, Doc. 2.) However, Defendant is currently serving a term of supervised release—not probation. (*See* Judgment, Doc. 1-3.) Accordingly, the Court construes the motion as one for early termination of supervised release.

Motion, Doc. 2.)

District courts have the discretionary authority to terminate a term of supervised release after that defendant has served one full year on supervised release. 18 U.S.C. § 3583(e)(1); *United States v. Suber*, 75 F.App'x. 442, 443 (6th Cir. 2003). "When that statutory requirement is met, a district court may grant early termination of supervised release if it concludes that such relief 'is warranted by both the individual's conduct and also by the interest of justice.'" *United States v. Zai*, No. 22-3371, 2022 U.S. App. LEXIS 35495, at *13 (6th Cir. Dec. 21, 2022) (quoting *Suber*, 75 F.App'x. at 444). When considering an individual's conduct, early termination of supervised release may be warranted "where the defendant shows changed circumstances, such as exceptionally good behavior." *United States v. Atkin*, 38 F.App'x. 196, 198 (6th Cir. 2002). In analyzing the interest of justice, the Court considers the following factors set forth in 18 U.S.C. § 3553(a):

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct;

3. The need for the sentence imposed to protect the public from further crimes of the defendant;

4. The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

5. The kinds of sentence and the sentencing range established for [the defendant's crimes];

6. Any pertinent policy statements issued by the Sentencing Commission;

2

7. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

8. The need to provide restitution to any victims of the offense.

18 U.S.C. § 3583(e).

Defendant is eligible for early termination of supervised release because he has served over one year on supervised release. However, the Court finds that neither "the conduct of the defendant" nor "the interest of justice" justify early termination. In his motion, Defendant states that early termination is warranted because he has complied with the terms of his supervision. (Motion, Doc. 2, Pg. ID 22.) Namely, Defendant points to his completion of "anger management/mental health" and "alcohol and substance abuse" treatment, as well as his steady employment, to support early termination. (*Id.*) But, "[c]ompliance with supervised release conditions does not constitute 'exceptionally good behavior' or other changed circumstances warranting early termination." *United States v. Thomas*, No. 3:16-CR-42, 2020 U.S. Dist. LEXIS 32178, at *2-3 (S.D. Ohio Feb. 25, 2020) (citation omitted).

To be sure, Defendant committed a very serious crime. His sentence to 3 years of supervised release remains appropriate based on the applicable 18 U.S.C. § 3553(a) factors, including "the nature and circumstances of the offense" and "the need to protect the public from further crimes of the defendant." Accordingly, Defendant's Motion for Early Termination of Supervised Release (Doc. 2) is **DENIED**.

**IT IS SO ORDERED.**

                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF OHIO

By: _____
                                      JUDGE MATTHEW W. McFARLAND

4